## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JASON RYAN PATE, #Y38444, et al., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 3:22-cv-00838-SMY |
| SHAWNEE CC, IDOC WARDEN, PAROLE BOARD, AC, and CAO, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jason Ryan Pate, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Shawnee Correctional Center.[1]  This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A.  Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).

### Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1):  Because the "COs and Lts are supper thirsty and lazy," Plaintiff has been beaten, raped, threatened, and his personal property has been stolen.  He wants his GED workbook, AA book, address book, bible, and reading

---

[1] The form complaint Plaintiff used to set forth his claim gives the prisoner-plaintiff the option to label the action as arising under 42 U.S.C. § 1983 (for state prisoners); 28 U.S.C. § 1331 (federal prisoners); or the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 and 2671-2680. Plaintiff selected all three.

glasses returned or replaced.  He seeks monetary damages, 90 days good time, a transfer to Elgin

Treatment Center, and release from confinement.

**<u>Discussion</u>**

As an initial matter, Shawnee Correctional Center and the Parole Board are state

government agencies not subject to suit for money damages under § 1983.  Therefore, they will be

dismissed.  *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

In addition to Pate, the Complaint lists as party plaintiffs the Pate Family, Cross, Howard

Abigton, Creig, Jashon Barns Duities, Macaffs, and Mongumeries.  However, the Complaint does

not identify these individuals or state their standing to bring a claim.  Nor did they sign the

Complaint as required by Federal Rule of Civil Procedure 11(a): "[e]very pleading, written motion,

and other paper must be signed . . . by a party personally if the party is unrepresented."  And based

on the sparse allegations in the Complaint, it is unclear how anyone other than Pate could be a

proper Plaintiff.  For these reasons, the Pate Family, Cross, Howard Abigton, Creig, Jashon Barns

Duities, Macaffs, and Mongumeries will be dismissed.

To survive preliminary review under § 1915A, a Complaint must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), which

includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.

Twombly* , 550 U.S. 544, 547 (2007).  A plaintiff must also associate specific defendants with

specific claims, so that defendants are put on notice of the claims brought against them and they

can properly answer the Complaint.  *Id.* at 555.  And, because Plaintiff brings his claims under

§1983, he must allege that each defendant was personally involved in the deprivation of a

constitutional right.  *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability

under § 1983 requires personal involvement in the alleged constitutional deprivation") (internal

2

citations and quotation marks omitted).

Because Plaintiff fails to allege specific acts of wrongdoing by the individual defendants and facts suggesting personal involvement as required for § 1983 liability, he fails to state a viable claim. Accordingly, the Complaint will be dismissed. Plaintiff will be given an opportunity to re-plead his claims.

**Disposition**

Shawnee Correctional Center and the Parole Board are **DISMISSED with prejudice** and the Pate Family, Cross, Howard Abigton, Creig, Jashon Barns Duities, Macaffs, and Mongumeries are **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to **TERMINATE** these parties.

The Complaint is **DISMISSED without prejudice** for failure to state a claim for relief. Plaintiff is **GRANTED** leave to file a First Amended Complaint by **June 6, 2022**. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 22-838). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain

statement of the case against that party. He must describe each Doe Defendant and their involvement in the alleged unconstitutional conduct (for example, John Doe did X and Jane Doe did Y). To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. Instead, the First Amended Complaint must stand on its own, without reference to any previous pleading. Plaintiff should attach any exhibits that he wishes to submit with the First Amended Complaint.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. *See* Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court

documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P.

41(b).

      **IT IS SO ORDERED.**

      **DATED:  May 6, 2022**

                         *s/ Staci M. Yandle*
                         **STACI M. YANDLE**
                         **United States District Judge**